The STATE of Ohio, Appellee,

v.

ROOKER, Appellant.

[Cite as *State v. Rooker* (1994), 93 Ohio App.3d 154.]

Court of Appeals of Ohio,
Wayne County.

No. 2818.

Decided Feb. 16, 1994.

---

*Keith A. Shearer,* Wayne County Prosecuting Attorney, and *Jocelyn Stefancin,* Assistant Prosecuting Attorney, for appellee.

*Norman R. "Bing" Miller, Jr.,* Wayne County Assistant Public Defender, for appellant.

QUILLIN, Judge.

Appellant, Diane Rooker, appeals from her conviction under R.C. 4507.02(A)(2) for permitting a person without a valid driver's license to operate her motor vehicle. We affirm.

On March 12, 1993, appellant was riding in the passenger seat of a vehicle driven by her son, when the vehicle was stopped by the police. At that time, appellant's son had only a temporary operator's permit, which required him to be accompanied by a "licensed operator." Because appellant's driver's license was under suspension, appellant was charged with permitting a person without a valid driver's license to operate a motor vehicle. Appellant appeals and raises one assignment of error:

"The trial court erred as a matter of law in finding that all of the elements of R.C. 4507.02(A)(2) had been proven by the State of Ohio beyond a reasonable doubt."

Appellant was convicted of R.C. 4507.02(A)(2), which provides:

"No person shall permit the operation of a motor vehicle upon any public or private property used by the public for purposes of vehicular travel or parking *knowing the operator does not have a valid driver's license* issued to the operator

by the registrar of motor vehicles under this chapter or a valid commercial driver's license issued under Chapter 4506. of the Revised Code." (Emphasis added.)

The trial court determined that appellant had violated the above statute because she permitted her son to drive without a "licensed operator" seated next to him as required in R.C. 4507.05. R.C. 4507.05 provides in relevant part:

"The registrar of motor vehicles, or the deputy registrar, upon receiving from any person an application for a temporary instruction permit for a driver's license, may issue such a permit entitling the applicant, while having the permit in his immediate possession, to drive a motor vehicle other than a commercial motor vehicle, upon the highways *when accompanied by a licensed operator who is actually occupying a seat beside the driver.* * * *" (Emphasis added.)

Because appellant's license was suspended, the trial court found that she was not a "licensed operator" within the meaning of that statute.

Appellant argues that although her license was suspended she was nevertheless a "licensed operator" under R.C. 4507.05. We have not found, nor have the parties cited, any case law interpreting the meaning of the term "licensed operator" as contained in R.C. 4507.05. Upon consideration of R.C. 4507.05, case law interpreting R.C. 4507.02(A)(1), and underlying policy concerns, we are not persuaded that the legislature intended a "licensed operator" to include an individual whose license had been suspended. Accordingly, we hold that appellant was not a licensed operator under R.C. 4507.05. The assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and COOK, J., concur.